IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM and LINDA DALLAS, husband and wife, THE DALLAS LIVING TRUST, and WILLIAM DALLAS, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, <br><br> Defendant. | CV 20–48–M–DLC <br><br><br><br> ORDER |

Before the Court is Defendant the Travelers Home and Marine Insurance Company's Motion to Compel Pursuant to Rule 37(a) F.R.Civ.P. and Motion to Extend Scheduling Order for Defendants. (Doc. 12.) Defendant moves the Court for an order compelling Plaintiffs to provide a computation of each category of damages with supporting documentation and complete responses to its discovery requests. (*Id.* at 1–2.) Defendant requests that the Court award attorneys' fees and costs to the prevailing party of this motion and grant an extension of its deadline to disclose damage experts while holding Plaintiffs to their January 8, 2021 expert disclosure deadline. (*Id.* at 3–4.)

It is unclear exactly to what extent Plaintiffs oppose the motion. They acknowledge that the motion is "somewhat well-taken" but ask the Court to deny it

1

anyway. (Doc. 14 at 1, 4.) Plaintiffs recognize that they have not provided all relevant medical records but assert they "cannot produce something they do not possess." (Doc. 14 at 1–2.) As for Defendant's requests for supplemental responses to their interrogatories and requests for production, Plaintiffs appear to largely contest that they have any outstanding discovery obligations. (*See id.* at 4.) Finally, Plaintiffs aver that there is no reason for the Court to grant Defendant's requested relief as the parties have already agreed to extend the joint deadline for disclosure of liability experts. (*Id.*) For the reasons explained, Defendant's motion is granted.

## BACKGROUND

Plaintiffs initially filed suit in state court on March 26, 2020. (Doc. 1-1 at 2.) The Complaint alleges that shortly after purchasing a new home, Plaintiffs William Dallas, Linda Dallas ("Mrs. Dallas"), and William Dallas, J.R. discovered a substantial amount of mold in the residence. (Doc. 3 at 2–3.) They subsequently filed a claim under their homeowner's insurance policy. (*Id.* at 2.) Defendant, with whom Plaintiffs held the policy, inspected the property, and a few months later denied their claim asserting that the damage did not occur during the covered policy period. (*Id.* at 3.)

When Plaintiffs first moved into their new house, Linda Dallas was in remission from stage IV lung cancer. (*Id.*) Shortly after moving, she relapsed and

was advised by her doctor to immediately move out. (*Id.*) Plaintiffs informed their insurance company of this, but it did not change its assessment of coverage. (*Id.*)

Plaintiffs subsequently filed suit seeking declaratory relief, and damages for violating Montana's Unfair Trade Practices Act, Montana's Consumer Protection Act, and breach of contract. (Doc. 3 at 4–5.)

Defendant removed this case to federal court on April 15, 2020 and answered Plaintiffs' Complaint the following day. (Docs. 1, 2.) On June 5, 2020, the Court held a preliminary pretrial conference and entered a scheduling order. (Doc. 11.) That scheduling order laid out two different disclosure deadlines. (Doc. 11 at 1.) It set January 8, 2021 as the deadline for Plaintiffs' damage experts and simultaneous disclosure of liability experts. (*Id.*) It set February 5, 2021 as the deadline for Defendant's damage experts. (*Id.*) The scheduling order allows the parties to stipulate to the extension of any deadline preceding the motions deadline of May 21, 2021 without first securing a court order. (*Id.* at 3.)

On June 2, 2020, counsel for Plaintiffs provided Defendant with its preliminary disclosures as required by Federal Rule of Civil Procedure 26(a)(1). (Doc. 12-1.) Instead of a "computation" of damages, counsel indicated that his client sought "incidental, consequential, special, general, [and] exemplary damages." (Doc. 12-1 at 3.) Given this lack of specificity, Defendant served discovery requests on September 29, 2020 seeking more information regarding

3

damages and specifically requesting Mrs. Dallas' medical records. (Doc. 13 at 2.) On October 27, 2020, just a few days before its response to Defendant's discovery requests were due, Plaintiffs' counsel sent letters to various medical providers requesting Mrs. Dallas' records. (*Id.* at 13.) Plaintiffs' counsel then timely responded to the additional discovery requests on November 4, 2020 but was unable to produce the lions' share of the relevant requested medical records. (Doc. 12-2.)

On November 23, Defendant sent a meet and confer letter requesting, inter alia, that the outstanding medical records from Rocky Mountain Natural Medicine, Providence St. Patrick, Providence Sacred Heart, the Wellness Tree, and Paracelsus Klink Lustmuhle AG ("Paracelsus") be provided to them by December 4, 2020. (*See* Docs. 13 at 3; 14 at 2.) On December 2, 2020, two days before their deadline, Plaintiffs' counsel sent a second request to these providers attempting to obtain the outstanding records. (*Id.* at 4.) Counsel then contacted Defendant to request additional time, and the parties agreed to extend the deadline to December 14, 2020. (*Id.*) Counsel did not contact Defendant on December 14, but on the 15th he provided supplemental responses. (Doc. 12-3.) Of the five outstanding providers, counsel was able to produce records from only one, Paracelsus. (Doc. 14 at 2–3.) Counsel indicated that the remaining records had been requested and

4

would be promptly turned over once received. (Doc. 12-3.) Defendant then brought this motion to compel.

## LEGAL STANDARD

Rule 26 broadly permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Once a party establishes that a discovery request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559–60 (S.D. Cal. 2019) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).

## DISCUSSION

Defendant requests the Court compel Plaintiffs to provide a computation of its damages and provide full and complete responses to various outstanding discovery requests. As explained below, the Court agrees with Defendant on both issues. The Court will address these issues and then address Defendant's request for an extension of its damage-expert disclosure deadline and fees.

### I. Computation of Damages

Defendant asserts that Plaintiffs have failed to comply with their initial 26(a) disclosure requirements because they failed to provide any particular computation

5

of their damages and failed to provide supporting documentation. (Doc. 13 at 4–5.) Although Plaintiffs are subject to ongoing disclosure obligations, Defendant is troubled by counsel's failure to supplement their initial generic responses, even as they have obtained more detailed information. (*See id.* at 5.)

Plaintiffs agree that Defendant is entitled to the requested information and claim to have already provided it to them. (Doc. 14 at 2.) Because the Court has no evidence of this, it will require Plaintiffs to provide Defendant with a thorough computation of the damages they intend to seek at trial supported by relevant documentation as provided in Rule 26(a)(1)(A)(iii) no later than February 5, 2021, if not already done.

## II.  Discovery Responses

Defendant next requests that this Court order Plaintiffs to provide complete responses to its requests for production 8–14[1] and complete responses to interrogatories 9 and 11. (Doc. 12 at 2.)

### A. Requests for Production

Defendant's requests for production 8 through 12 seek medical records, request 13 seeks any documents that support its interrogatory responses, and

---

[1] The scope of Defendant's request is not entirely clear. Defendant's motion requests that Plaintiffs be compelled to fully respond to its requests for production 8 through 14 and interrogatories 9 and 11. (Doc. 12 at 2.) Defendant additionally claims to need a response to requests for production 13, 12 and 14. (*Id.*) It is not clear whether these final three requests differ from the ones previously made. For the purposes of resolving this motion, the Court assumes that Defendant's additional request for 12 through 14 was error.

request 14 seeks Plaintiffs' fee agreement with counsel. (Doc. 12-2.) Plaintiffs do not disagree that Mrs. Dallas' medical records are discoverable, and they offer no argument in opposition to Defendant's remaining requests.

The Court will first address the issue of the outstanding medical records. Plaintiffs attempt to minimize their failure to timely produce these records by asserting that: (1) they have already provided many records; (2) they are now able to produce the records from Paracelsus; and (3) they have again requested the outstanding records and bills. (Doc. 14 at 2–3.) Plaintiffs' counsel provides no indication of when he will be able to provide the missing relevant documents.

Plaintiffs have apparently assumed the responsibility of producing the relevant medical records and bills.[2] Nevertheless, counsel's attempts to retrieve these records has been lackluster, at best. Counsel has known that such records were likely to be at issue since, at least, March 26, 2020—the day Plaintiffs filed suit. Plaintiffs were aware of the Court's disclosure deadlines as of the Court's scheduling conference on June 5, 2020. And yet, counsel apparently did not begin the process of trying to obtain these records until October 27, 2020—*after* Defendant served follow up discovery requests in light of Plaintiffs' nonspecific disclosures. Additionally, counsel has not demonstrated urgency in attempting to

---

[2] The alternate approach would have been to sign a waiver permitting Defendant to seek those records directly.

get Defendant this information.  Counsel was served with requests for Mrs. Dallas' records on September 29, 2020 but waited a month—until just a few days before the response deadline—to request these records in the first place.  This situation bore out again in response to Defendant's meet and confer letter: counsel waited until right before his response deadline to contact Mrs. Dallas' care providers a second time.  That counsel suddenly finds himself under the gun of a hard deadline for production is a situation entirely of his own creation.  Plaintiffs shall have until February 5, 2021 to provide all outstanding medical records and bills.

As Plaintiffs offer no argument as to why they should not be required to produce full and complete responses to Defendant's request for production 13 and 14, the Court will order these responses due on February 5, 2021 as well.

### B. Interrogatories

Defendant seeks to compel Plaintiffs to fully answer Defendant's interrogatories 9 and 11.  (Doc. 12 at 2.)  Plaintiffs assert that they already have.  (Doc. 14 at 3–4.)

Defendant's interrogatory No. 9 requests an itemization of consequential and extra-contractual damages, including the amount and the method of computation.  (Doc. 12-2 at 7.)  In their initial response, Plaintiffs generally claimed to seek "excess policy limit damages arising from Defendant's bad faith." (*Id.*)  This response was never supplemented.  Now, in response to this motion, Plaintiffs

argue that Defendant is not entitled to a specific amount and fails to cite any provision of the Federal Rules that would require this level of detail. (Doc. 14 at 4.) This argument misconstrues Plaintiffs' burden.

Rule 26 permits broad discovery. *See* Fed. R. Civ. P. 26(b)(1). Once a litigant demonstrates certain information is discoverable, the burden shifts to the party objecting to disclosure to demonstrate, with citation to authority, why it should not be compelled to do so. *Jensen*, 328 F.R.D. at 559–60.

Here, Defendant has amply demonstrated that Plaintiffs' consequential and extra-contractual damages are relevant to its defense of the case. Without some way to estimate potential damages, Defendant has no way of evaluating the best path forward. (*See* Doc. 13 at 9–10.) Therefore, Plaintiffs, the party opposing discovery, bear the burden of supporting any objection with legal authority. They have not done so. Having failed to justify their objection, Plaintiffs are required to fully respond by February 5, 2021.

Interrogatory No. 11 seeks an itemization of each damaged item including its type or category and the amount claimed. (Doc. 12-2 at 7–8.) In their response, Plaintiffs clarified that they were seeking recovery for four categories of damages: (1) reimbursement for medical bills and expenses including future medical bills and pain and suffering; (2) loss of use damages for the period of time they were

excluded from their home; (3) reimbursement costs associated with refinancing their home; and (4) reimbursement for attorneys' fees.

Plaintiffs do not dispute that they initially failed to provide any documentation related to their refinancing and claim to have provided it contemporaneously with the filing of its response brief. Accordingly, the Court will require Plaintiffs to disclose this information by February 5, 2021 if not already done. As for Defendant's request for medical bills and expenses, the Court has already addressed this. Finally, the Court will require Plaintiffs to produce an itemized list of damages resulting from the loss of the use of their home and for their attorneys' fees. As with interrogatory 9, these damages are discoverable, and Plaintiffs have not met their burden of opposing discovery. Plaintiffs shall be required to fully respond[3] to these requests as well.

### III. Extension & Fees

Finally, there is the issue of remedy. Defendant requests attorneys' fees and costs associated with this motion. (Doc. 13 at 12.) Defendant also requests an extension of its deadline to file damage experts but requests the Court hold Plaintiff to its January 8, 2021 disclosure deadline. (*Id.*) Although Plaintiffs indicate that no extension is necessary because the parties have already agreed to

---

[3] A full and complete response requires more than simply asserting the "fair market value." Although the fair market value of an item may be relevant to the "method of computing the amount claimed" it is not responsive to Defendant's request for a specific "amount claimed."

extend the January 8, 2021 deadline, Plaintiffs appear to misconstrue the relevant deadline. Defendant seeks an extension of its deadline to disclose damage experts not liability experts. (*See* Doc. 11 at 1.) Defendant will be given until March 12, 2021 to disclose its damage experts and no similar extension shall be afforded to Plaintiffs.[4]

The Court believes this relief is sufficient to mitigate any prejudice to Defendant and will not order the payment of fees associated with this motion. Accordingly,

IT IS ORDERED that Defendant's Motion (Doc. 12) is GRANTED. To the extent they have not already done so, Plaintiffs shall provide full and complete responses to Defendant's requests for production 8 through 14 and interrogatories 9 and 11 by February 5, 2021. Plaintiffs shall also fully comply with Rule 26(a)(1)(A)(iii) by February 5, 2021 consistent with this order.

IT IS FURTHER ORDERED that Defendant shall disclose its damage experts no later than March 12, 2021. The Court's scheduling order (Doc. 11) remains in force in all other respects.

---

[4] As noted, the parties are free to agree to the extension of any deadline preceding the motions deadline. Such an agreement appears to have already occurred.

DATED this 11th day of January, 2021.

_____
Dana L. Christensen, District Judge
United States District Court